MERRION & BAYLESS

Plaintiff-Appellee

vs.

MARIE BEGAY AND OTHERS

Defendant-Appellants

Decided on June 8, 1977

Larry Thrower, Tansey, Rosebrough, Roberts, & Gerding, Farmington, New Mexico, for Plaintiff-Appellee

Robert Yazzie, D.N.A., Window Rock, Arizona, for Defendants-Appellants

Before KIRK, Chief Justice, LYNCH and NESWOOD, Associate Justices

KIRK, Chief Justice

This case comes on appeal from a decision of the Shiprock District Court, the Honorable Charley John presiding, awarding a permanent injunction against the Defendants-Appellants.

On November 23, 1976, the Shiprock District Court issued a temporary restraining order against the Defendants-Appellants, ex parte, restraining them from interferring with the Plaintiff-Appellee's access to land in Apache County, Arizona, for which they have a lease to operate

oil and gas wells. The order directed the Defendant, Marie Begay, to appear on December 6, 1976, and show cause why the order should not be made permanent.

On February 14, 1977, a hearing was held at which the Defendant, Marie Begay, was required to proceed and show cause why the temporary restraining order should not be made permanent. Marie Begay was the only witness to testify, and at the conclusion of her testimony, the Court directed that a permanent injunction be issued.

Subsequently, this appeal followed and was limited by this Court to the question of who had the burden of proof in that cause of action.

Assuming the Temporary Restraining Order to be proper, no question being then raised as to its validity, the answer is determined by examining whether a show cause hearing was the proper manner in which to proceed.

Under the rule then in effect and under the current rule, Rule 18 of the Rules of Civil Procedure, the proper manner for the District Court to proceed is to set a hearing date for converting the Temporary Restraining Order into a Permanent Injunction. The initial burden of proof and burden of going forward with the evidence remains with the Plaintiff, Merrion & Bayless in this case.

By the manner in which this case proceeded, the Plaintiff never presented any evidence to support its contention that injunctive relief was necessary. The Defendant was forced to defend without having heard the allegations against her. Clearly, this was an error.

The Permanent Injunction issued by the Shiprock District Court on the 14th day of February, 1977, is therefore vacated.

The Defendant is hereby temporarily restrained from interferring with the Plaintiff's access to the land until the matter can be re-heard by the District Court.

The case is remanded to the Shiprock District Court for a full hearing in accordance with these views, said hearing to be held within fifteen days.

LYNCH, Associate Justice, and NESWOOD, Associate Justice, concur.